**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:                                    Case No. 23-31987-jda
ELITE ROOF GROUP, LLC           Chapter 11
　　Debtor.                              Honorable Joel D. Applebaum
_____/

## OBJECTION BY MORNINGSIDE 1100 CONSTRUCTORS, LLC AND MORNINGSIDE MAIDEN LANE, LLC TO CONFIRMATION OF PLAN OF REORGANIZATION FOR DEBTOR UNDER SUBCHAPTER V OF CHAPTER 11 OF THE BANKRUPTCY CODE

Morningside 1100 Constructors, LLC ("Morningside Constructors") and Morningside Maiden Lane, LLC ("Morningside Owner," and, collectively with Morningside Constructors, "Morningside") file this *Objection by Morningside 1100 Constructors, LLC and Morningside Maiden Lane, LLC Confirmation of Plan of Reorganization for Debtor Under Subchapter V of Chapter 11 of the Bankruptcy Code* (the "Objection"), pursuant to 11 U.S.C. §§1129, 1190, and 1191, and Rule 3020 of the Federal Rules of the Bankruptcy Procedure, and in support would show:

## I. BACKGROUND

1.　　Elite Roof Group, LLC ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code, electing to proceed as a Subchapter V debtor, on December 14, 2023, initiating this Subchapter V Chapter 11 Bankruptcy Case (the "Bankruptcy Case").

2. Prior to Debtor's bankruptcy filing, Debtor had entered into the *1100 Broadway Street Subcontract Agreement* (the "Morningside Agreement") with Morningside Constructors, agreeing to perform and complete as a subcontractor a complete roof installation for Morningside Owners real estate project at 1100 Broadway St. (the "Project") in Ann Arbor, Michigan. Morningside Constructors was the general contractor on the Project.

3. Debtor defaulted on the Morningside Agreement and failed to properly perform and complete the work for the roof installation at the Project. Consequently, Morningside Constructors terminated the Morningside Agreement. As a result of Debtor's default under the Morningside Agreement and failure to properly perform the roof installation work at the Project, the incomplete and defective work had to be remedied by Morningside Constructors through retention of a replacement roof contractor and the expenditure of additional funds to obtain the completion of the new roof at the Project, and repair of the Debtor's defective work. As a result, Morningside Constructors is a creditor of the Debtor in the Bankruptcy Case in the amount of $456, 069.25. However, Debtor failed to list Morningside Constructors as a creditor and Morningside Constructors was not given formal notice of Debtor's Bankruptcy Case.

4. Additionally, American Builders and Contractors Supply Co., Inc., d/b/a ABC Supply Co., Inc. ("ABC") has asserted claims against Morningside

Owner and Morningside Constructors alleging that ABC furnished roofing and construction materials (the "Materials") to Debtor which were used on the Project and for which ABC has not been paid by Debtor. As a result, ABC has asserted a Claim of Lien under the Michigan Construction Lien Act (the "Construction Lien") against the Project through a Claim of Lien for $443,305.68, filed with the County Clerk- Register of Deeds for Washtenaw County, Michigan on January 17, 2023. ABC has also filed a Notice of Lis Pendens against the Project. Under the Morningside Agreement, Debtor is liable to and indemnified both Morningside Constructors and Morningside Owner with respect to potential claims and liens asserted by third parties like ABC such that Morningside Owner is also a creditor of Debtor in the amount of not less than $443,305.68. Like Morningside Constructor, Morningside Owner was not listed as a creditor in Debtor's bankruptcy schedules or on Debtor's creditor matrix nor was it provided with formal notice of the Debtor's Bankruptcy Case.

5.      On March 14, 2024, Debtor filed the *Plan of Reorganization for Debtor under Subchapter V of Chapter 11 of the Bankruptcy Code* (Docket #32) (the "Plan"). The Court has set April 12, 2024, as the deadline to file objections to confirmation of the Plan and has scheduled a hearing on any objections to confirmation of the Plan for April 24, 2024 at 1:30 p.m.

3

## II. **OBJECTION TO CONFIRMATION AND ARGUMENT**

6.     Morningside objects to confirmation of the Debtor's Subchapter V Plan.

7.     Confirmation of the Plan should be denied because the Plan fails to comply with the applicable provisions of the Bankruptcy Code as required by 11 U.S.C. § 1129(a)(1).   The Plan does not appropriately address the claims of Morningside Constructors or Morningside Owner. There is no mention of their claims anywhere in the Plan, nor anywhere else in any of Debtor's filings in the Bankruptcy Case. The Plan also proposes to impose an injunction against creditors such as Morningside from the continuation of, or initiation of, claims they may have against Debtor's principals, Matthew Camargo or his spouse, Veronica Campanero, and any such claims are to be fully released upon completion of the Plan. *See* Plan at Section 6.5 on page 25. There is no basis in the Bankruptcy Code for non-debtors like Mr. Camargo or Ms. Campanero to obtain the third-party injunction and release protections proposed in the Plan. Likewise, the imposition of injunctions against creditors claims and third-party releases of such claims against Mr. Camargo and Ms. Campanero under the 6th Circuit decision in *In re Dow Corning*, *Inc.* 280 F 3d, 648, 658 (6th Cir. 2022) is not appropriate. As noted in *Dow Corning*, third party releases are the exception, not the rule, and are a dramatic measure to be used only in unusual circumstances. *Dow Corning*, 280 F. 3d at 658 This Bankruptcy Case is not one of those. Few of the factors identified in *Dow Corning* necessary for third-

4

party protection exist here. Debtor's principals are not contributing significant assets – in fact, they get to continue to run Debtor for their benefit and draw salaries while creditors such as Morningside receive little. Also, unlike *Dow Corning,* there is not overwhelming support for the injunctions and releases by impacted creditors and none can opt-out or have the slightest chance to get paid anything near what they are owed. Thus, *Dow Corning* does not support the proposed third-party protections and confirmation of the Plan should be denied.

8.      Essentially, Debtor seeks automatic stay and discharge protection for its principals, even though they have not filed their own bankruptcies. Debtor seeks a full release for Mr. Camargo and Ms. Campanero even though parties such as Morningside may have non-dischargeable claims against them under the Michigan Builders Trust Funding Act, Mich Comp.Laws §570.151, *et.seq.* (the "MBTFA"), as it appears that Debtor and Debtor's principals received the funds from Morningside on the Project and did not use such funds to pay suppliers of Materials for the Project such as ABC. Debtor and Debtor's principals improper actions have harmed Morningside as ABC is now asserting claims against Morningside. Violations of the Michigan Builder's Trust Funding Act would be non-dischargeable in individual bankruptcy filings of Mr. Camargo or Ms. Campanero as they were statutory trustees for the proper application of such trust funds. *See*

5

*Patel v. Shamrock Floor Covering Services (In re Patel),* 565 F.3d 963 (6th Cir. 2009)(claims arising out of liability under MBTFA non-dischargeable).

9.      The Plan also should not be confirmed as the proponent of the Plan, the Debtor, has not complied with the applicable provisions of the Bankruptcy Code under 11 U.S.C. Section 1129(a)(2) and the Plan has not been proposed in good faith under 11 U.S.C. Section 1129(a)(3) as Debtor has neither scheduled nor appropriately notified Morningside of its bankruptcy filing and the proposed Plan seeks to discharge the claims of Morningside, potentially including claims that would be non-dischargeable under 11 U.S.C. § 523(a) as to the Debtor's own violations of the MBTFA, as a statutory trustee that failed to properly comply with the MBTFA. Likewise, as noted above, Debtor's Plan, seeking to an impose an injunction and a full release in favor of Debtor's principals (potentially in connection with non-dischargeable claims), is inappropriate under the Bankruptcy Code and applicable law. Debtor is being used as a shield to protect its principals while failing to satisfy to any significant extent the claims of creditors like Morningside.

10.     Further, Debtor's Plan provides that any causes of action of the reorganized Debtor are specifically reserved and may be pursued by Debtor (*see* Plan, Sections 5.8 and 5.9 on page 23) but the proposed discharge and injunction provisions under the Plan prohibit any party against who the Debtor is asserting a claim to assert a right of set-off, right of subrogation or recoupment as to any debt,

liability or obligation to Debtor. This Plan provision is inappropriate under the provisions of the Bankruptcy Code and applicable law. *See* 11 U.S.C. § 553 (which recognizes and allows the set-off of claims in appropriate circumstances). *See also, Newell v. Wayne County*, Case No. 12-14928, 2016 U.S. Dist. LEXIS 62034 *3-9 (E.D. Mich., May 11, 2016) (set-off right survives and may be exercised against discharged debt); *In re Ketelsen,* 283 B.R. 208, 212 (Bankt. E.D. Tenn. 2001) (majority of courts recognize and allow set-off of discharged debts); *In re Lunt*, 500 B.R. 9, 11-18 (D. Kan. 2013) (recoupment rights assertable after discharge of debt); *In re Delicruz*, 300 B.R. 659, 679-684 (Bankr. E.D. Mich. 2003) (same). Consequently, sections 1129(a)(2) and (3) are not satisfied and confirmation of the Plan should be denied.

11.     The Plan also fails to comply with 11 U.S.C. § 1129(a)(11) and 11 U.S.C. § 1191(b) and (c)(3). The Plan is not feasible and is not fair and equitable to unsecured creditors like Morningside. Debtor's projections attached to the Plan are nothing but flights of fancy and bear no relationship to Debtor's actual operating performance. Debtor will not be able to make the payments provided for in the Plan. Here, Debtor's monthly operating reports show that Debtor will not be able to successfully make the payments provided for under the Plan and there is no reasonable likelihood that the Debtor will be able to make all of the payments due under the Plan. Similarly, the Plan does not provide appropriate remedies to

creditors in the event of a Plan default by Debtor and payments are not made to creditors, such as the liquidation of assets (as there are no potentially valuable, liquidatable assets held by Debtor). *See* 11 U.S.C. §1191(c)(3)(B). Moreover, Debtor's principals, who continued to enjoy the benefits of ownership of Debtor (including payment of salaries and a proposed injunction against creditors' claims), are not required to forego distributions or to liquidate and contribute non-exempt or exempt assets to cure any defaults to insure success of the Plan. *Id.* Clearly, the Plan is not proposed in good faith and is not fair and equitable. Consequently, Confirmation of Plan should be denied for these reasons as well.

## III. **PRAYER**

12. WHEREFORE, for the reasons set out above, Morningside requests that the Court enter an order denying confirmation of the Plan and also grant Morningside such other and further relief to which it may be justly entitled.

Dated: April 11, 2024.

**DYKEMA GOSSETT PLLC**

By: */s/ Sheryl L. Toby*
Sheryl L. Toby (P39114)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
(248) 203-0700 / Fax (248) 203-0763
stoby@dykema.com
jchang@dykema.com

and

Patrick L. Huffstickler
Texas Bar No. 10199250
Danielle N. Rushing
Texas Bar No. 24086961
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 / Fax (210) 226-8395
phuffstickler@dykema.com
dbehrends@dykema.com

**COUNSEL FOR MORNINGSIDE 1100
CONSTRUCTORS, LLC AND
MORNINGSIDE MAIDEN LANE, LLC.**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:                                                Case No.  23-31987-jda

ELITE ROOF GROUP, LLC                    Chapter 11

    Debtor.                                      Honorable Joel D. Applebaum

_____/

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of April, 2024, a true
and correct copy of the foregoing document was served via CM/ECF on all parties
registered to receive notice and via first-class U.S. mail, postage pre-paid, on the
following:

| | |
|---|---|
| Elite Roof Group, LLC<br>2467 E. Hill<br>Grand Blanc, MI 48439<br>**Debtor** | Peter T. Mooney<br>Simen, Figura & Parker<br>5206 Gateway Centre #200<br>Flint, MI 48507<br>**Counsel for Debtor** |
| Kimberly Ross Clayson<br>Taft Stettinius & Hollister, LLP<br>27777 Franklin Rd. Suite 2500<br>Southfield, MI 48034<br>**Subchapter V Trustee** | Andrew R. Vara c/o Timothy Graves<br>Ohio/Michigan Region 9<br>201 Superior Avenue, Suite 441<br>Cleveland, OH 44144<br>**US Trustee** |

10

Dated: April 11, 2024

**DYKEMA GOSSETT PLLC**

By: */s/ Sheryl L. Toby*
Sheryl L. Toby (P39114)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
(248) 203-0700 / Fax (248) 203-0763
stoby@dykema.com

and

Patrick L. Huffstickler
Texas Bar No. 10199250
Danielle N. Rushing
Texas Bar No. 24086961
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 / Fax (210) 226-8395
phuffstickler@dykema.com
dbehrends@dykema.com

**COUNSEL FOR MORNINGSIDE 1100
CONSTRUCTORS, LLC AND
MORNINGSIDE MAIDEN LANE, LLC.**