UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case Number: 23-31987-jda

**ELITE ROOF GROUP, LLC,**  Chapter 11, Subchapter V

Debtor.  Hon. Joel D. Applebaum
_____/

**UNITED STATES TRUSTEE'S OBJECTION
TO PLAN OF REORGANIZATION FOR DEBTOR UNDER
SUBCHAPTER V OF CHAPTER 11 OF THE BANKRUPTCY CODE**

Andrew R. Vara, United States Trustee, states as follows:

1. The Debtor filed its Chapter 11, Subchapter V, case on December 14, 2023 [Doc. No. 1].

2. The Debtor filed the Plan of Reorganization for Debtor Under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Plan") on March 14, 2024 [Doc. No. 32].

3. 11 U.S.C. § 1191(a), applicable to this Subchapter V case, provides that the Plan can only be confirmed if all the requirements of 11 U.S.C. § 1129(a) are met, other than paragraph (15) of that section.

4. The U.S. Trustee objects to the Plan for the following reasons.

## The Plan Includes a Provision that Could Enjoin Third Parties' Independent Claims and is Otherwise Improper

5. The Plan includes a provision that enjoins creditors from the continuation of, or initiation of, claims they may have against the Debtor's principal, Matthew Camargo, or his spouse, Veronica Campanero, and any such claims are to be fully released upon completion of the Plan. *See* Plan, Section 6.5, p. 25.

6. The injunction is overly broad and could include independent claims of third parties that are not estate assets. *See In re Greektown Holdings, LLC,* 728 F.3d 567, 578 (6th Cir. 2013) (holding bar language to be overly broad because it has the potential to bar claims for independent damages).

7. To determine whether to enter a third-party injunction, a court must determine whether it has jurisdiction to enjoin the potential claims, whether it has the power to enter the order, and closely scrutinize the injunction's scope. *Id*. Significantly, "[n]o court has authorized barring claims with independent damages." *Id*. at 579.

8. [W]hen the following seven factors are present, the bankruptcy court may enjoin a non-consenting creditor's claims against a non-debtor: (1) There is an identity of interests between the debtor and the third party, usually an indemnity relationship, such that a suit against the non-debtor is, in essence, a suit against the debtor or will deplete the assets of the estate; (2) The non-debtor has contributed substantial assets to the reorganization; (3) The injunction is essential to

reorganization, namely, the reorganization hinges on the debtor being free from indirect suits against parties who would have indemnity or contribution claims against the debtor; (4) The impacted class, or classes, has overwhelmingly voted to accept the plan; (5) The plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction; (6) The plan provides an opportunity for those claimants who choose not to settle to recover in full and; (7) The bankruptcy court made a record of specific factual findings that support its conclusions. *In re Dow Corning Corp.*, 280 F.3d 648, 658 (6th Cir. 2002).

9. Here, the *Dow Corning* factors do not support the Plan injunction.

10. The Plan injunction could prohibit creditors' state law actions that do not belong to the bankruptcy estate.

11. The Plan injunction would affect even creditors of the Debtor that did not receive notice of the Debtor's bankruptcy.

12. The Plan does not indicate that either Mr. Camargo or Ms. Campanero are contributing any substantial assets in exchange for the requested injunction.

13. The Plan's representations as to why the injunction is reasonable are unpersuasive. The Plan notes that its proposed dividend far exceeds liquidation value, and that the principal could have chosen to liquidate the Debtor rather than seek to reorganize. Yet confirmable plan dividends usually exceed liquidation value, and most Chapter 11 debtors decided to reorganize and not liquidate. But

third-party releases are the exception, not the rule, and should only be used in exceptional circumstances. *In re Dow Corning, Inc.,* 280 F 3d, 648, 658 (6th Cir. 2022).

14. The Debtor also contends that claims against its principal would detract from the operations of the Debtor. This is true of any debtor's principal and alone does not justify the dramatic measure of a Plan provision enjoining third-party claims against non-debtors in the Sixth Circuit. *Id.*

**WHEREFORE,** the United States Trustee requests that the Court deny confirmation of the Plan of Reorganization for Debtor Under Subchapter V of Chapter 11 of the Bankruptcy Code, and grant to the United States Trustee such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
Regions 3 and 9

By     /s/ Timothy R. Graves____
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-7259
Timothy.Graves@usdoj.gov
[P64622]

Dated: April 12, 2024

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case Number: 23-31987-jda

**ELITE ROOF GROUP, LLC,**  Chapter 11, Subchapter V

    Debtor.  Hon. Joel D. Applebaum
_____/

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2024, I electronically filed the United States Trustee's Objection to the Plan of Reorganization for Debtor Under Subchapter V of Chapter 11 of the Bankruptcy Code using the ECF System, which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    **ANDREW R. VARA**
    **UNITED STATES TRUSTEE**
    Regions 3 and 9

By    /s/ Timothy R. Graves____
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort St - Suite 700
    Detroit, Michigan 48226
    (313) 226-7259
    Timothy.Graves@usdoj.gov
    [P64622]

Dated: April 12, 2024